IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| v. | * | No. 21-CR-20022-SHL |
| **LINDA WILLIAMS,** | * | |
| **Defendant.** | * | |

## PLEA AGREEMENT

The Defendant, LINDA WILLIAMS, by and through her counsel CLAIBORNE HAMBRICK FERGUSON, knowingly and voluntarily agrees with the United States, through Joseph C. Murphy, Jr., Acting United States Attorney for the Western District of Tennessee, and through Dean DeCandia, the undersigned Assistant United States Attorney, to enter a plea of guilty to Count 4 of the Indictment:

1. The Defendant is charged in Count 4 of the Indictment with filing false tax returns, in violation of Title 26, United States Code, Section 7206(2). The statutory penalties for this offense are not more than 3 years of imprisonment, not more than a $250,000 fine, or both, not more than 3 years of supervised release, and a $100 mandatory special assessment.

2. The Defendant agrees that:

    a. She is pleading guilty to the aforementioned offense in Count 4 because she is guilty of the offense;

    b. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to what the sentence imposed by the Court will be;

    c. If she had proceeded to trial and had been convicted, she would have had the right to appeal the conviction. She understands that by pleading guilty, she gives up the right to appeal the conviction. Based on concessions made in this plea agreement by the United States, she also hereby waives her rights to appeal her sentence, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing;

  d. Except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, she waives her right to challenge the sufficiency or the voluntariness of his guilty plea on direct appeal or in any collateral attack;

  e. The special assessment of $100 is due and payable to the U.S. District Court Clerk's Office, and the Defendant agrees to provide the United States with evidence of payment immediately after sentencing; and

  f. This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

3. The Defendant understands that:

  a. Given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose the Defendant receiving acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1, provided the Defendant continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the Indictment;

  b. If the United States receives information between the signing of this agreement and the time of the sentencing that the Defendant has previously engaged in, or if she engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change;

  c. Whether or not acceptance of responsibility credit pursuant to § 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit is not a basis for the Defendant to withdraw her guilty plea;

  d. Should it be judged by the United States that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of U.S.S.G. § 3C1.1 from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw the plea, the government will be released from its obligations and would become free to argue for any sentence within the statutory limits. Such a breach by the Defendant would not release the Defendant from the plea of guilty; and

e. Any statement made in the course of the plea colloquy may be used against her in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410.

4. The United States agrees:

   a. To recommend that the Defendant be sentenced at the low end of the applicable guideline range, provided that the Defendant does not breach this plea agreement. The Defendant understands that whether or not the Defendant is sentenced at the low end of the applicable guideline range is a matter to be determined by the Court. Failure of the Court to sentence the Defendant at the lowest end of the applicable guideline range is not a basis for the Defendant to withdraw her guilty plea or to appeal her sentence. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to what the sentence imposed by the Court will be; and

   b. To move to dismiss the remaining counts in the Indictment at the conclusion of the sentencing hearing.

5. By signing this agreement, the Defendant affirms that she is satisfied with her lawyer's counsel and representation and hereby freely and voluntarily enters into this plea agreement. The Defendant understands that this writing constitutes the entire Plea Agreement between the Parties with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

_____          5/11/2021
LINDA WILLIAMS                        Date
Defendant

_____          5.11.2021
CLAIBORNE HAMBRICK FERGUSON           Date
Defendant's Counsel

JOSEPH C. MURPHY, JR.
United States Attorney

By: _____          5/11/2021
DEAN DeCANDIA                         Date
Assistant United States Attorney